Brent Dorian Brehm – SBN 248983
  Email: bbrehm@kantorlaw.net
Glenn R. Kantor – SBN 122643
  Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave, Suite 1400
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
JANICE CRAMER

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE CRAMER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STANDARD LIFE INSURANCE COMPANY OF AMERICA; POINT LOMA NAZARENE UNIVERSITY,<br><br>　　　　Defendants. | CASE NO:<br><br>COMPLAINT: '25CV0384 W    DEB<br><br>**(1) ERISA BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Janice Cramer, herein sets forth the allegations of her Complaint against Defendants Standard Insurance Company and Point Loma Nazarene University.

## PRELIMINARY ALLEGATIONS

1.　"Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for breach of fiduciary duty, breach of the plan, and failure to provide plan documents related to an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

1
COMPLAINT

involves a federal question. This action is brought for the purpose of obtaining equitable relief, including equitable surcharge, under 29 U.S.C. § 1132(a). In the alternative, Plaintiff is seeking benefits under the Plan. The plaintiff also seeks damages for the failure to provide Plan documents. Plaintiff also seeks pre-judgment interest, post-judgment interest, and attorneys' fees and costs.

2. Plaintiff, Janice Cramer, during all relevant periods, was a resident in the County of San Diego, State of California. Plaintiff was a beneficiary of the life insurance benefits at issue herein. Plaintiff's husband, Andrew Cramer, was the insured.

3. Plaintiff is informed and believes that Defendant Point Loma Nazarene University ("The Nazarene University") is an organization located in and with its principal place of business in San Diego, California, and is the sponsor of an employee welfare benefit plan ("Plan"). The Plan purchased group life insurance coverage from Defendant Standard Insurance Company ("Standard") as a participating employer pursuant to a policy issued by Standard to the California Teachers Association. The policy issued by Standard to the Plan bears the group number 503121-X. This is the Plan under which Andrew Cramer, as an eligible employee of Nazarene University, was a participant, Andrew Cramer was an insured, and pursuant to which Plaintiff is and was entitled to life insurance benefits covering Mr. Cramer's life. It is regulated by ERISA. The Nazarene University, as the Plan Sponsor and Plan Administrator, is an ERISA fiduciary with respect to the Plan, the Plan's participants, and the Plan's beneficiaries. The Nazarene University is doing business in this judicial district and can be found in the Southern District of California.

4. Plaintiff is informed and believes that Standard is a corporation incorporated in and with its principal place of business in the state of Oregon authorized to transact and transacting business in the Southern District of California and can be found in the Southern District of California. Standard is the

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

insurer of the life insurance benefits at issue in this Complaint under the Plan – and issued the group life policy at issue which bears the group number 503121-X. As the Plan Insurer and Claims Administrator, Standard was also a Plan Fiduciary.

5. The Nazarene University was Standard's agent regarding the life insurance benefits at issue herein and, more generally, all ERISA plan benefits insured by Standard.

6. The Plan does not contain a valid grant of discretionary authority to Standard or The Nazarene University.

7. The Nazarene University and Standard owe ERISA fiduciary duties to Janice Cramer and Andrew Cramer under ERISA, including, but not limited to, regarding the Life Plan, and providing Andrew Cramer with specific notice of his conversion rights after his coverage terminated under the terms of the Plan.

8. Defendants can be found in this judicial district and the Plan was administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2)

9. In or about August 2021, Andrew Cramer commenced employment for The Nazarene University and thus was eligible to receive life insurance coverage under the Plan.

10. Attached as Exhibit "1" is a December 2021 series of e-mails between Andrew Cramer to his point of contact at the Nazarene University concerning his employee benefits, establishing his desire to purchase all life insurance available to him.

11. At the Plan's open enrollment in January 2022, the Plaintiff, who had a prior history of cancer, elected and at all times relevant paid for all basic and supplemental life for which he was eligible. At all times between January 2022, and the onset of his medical leave from the University in August 2022, and subsequent termination of his employment, The University paid to Standard all premiums necessary to maintain Plaintiff's basic life coverage in force, and

Plaintiff paid to Standard all premiums required to maintain Mr. Cramer's supplemental life insurance under the Plan in full force and effect.

12. In August 2022, due to being physically disabled by a recurrence of cancer, and his need to spend all his time receiving treatment, Mr. Cramer took medical leave from his position at the University.

13. Following the onset of his medical leave, on a date unknown to Plaintiff, but prior to his death in January 2023 from cancer, the Nazarene University terminated Mr. Cramer's employment. Plaintiff is informed and believes that as of the termination of his employment, the payment of premiums for his basic and supplemental life insurance ceased to be made.

14. It was the Fiduciary Duty of Nazarene University, and/or Standard Insurance Company, to affirmatively provide Mr. Cramer with full and complete information as to his right to convert his life insurance coverages. Plaintiff alleges that Mr. Cramer was aware that his condition was terminal and being the father of two very young children, would have taken all steps available to him to keep in force all his life insurance coverages.

15. The plaintiff received and read all mail sent to Mr. Cramer after the onset of his medical leave, and can attest that Mr. Cramer never received any documents setting forth his right to convert his life insurance coverages.

16. The fact that conversion information was not sent to Mr. Cramer is supported by an exchange of e-mails between the Plaintiff and the Nazarene University Human Recourses Department. On January 20, 2023, after Mr. Cramer's death, Plaintiff directed an e-mail to the Human Resources Department at Nazarene University inquiring about eligibility for benefits. She received a response on January 23, 2023, stating in pertinent part:

     Hi Janice:

     I am so sorry to hear about Andrew's passing. I am not aware of any benefits at this time, and will let Samara respond to your inquire when she is back in the office.

(Exhibit "2")

17. Plaintiff received no other communications from the Nazarene University Human Resources Department until after November 5, 2024, when she again e-mailed Nazarene University, initiating the following e-mail thread:

**From Plaintiff to Nazarene University Human Resources**

     To: Samara Timms <stimms@pointloma.edu>
     Hello Samara,

     I hope you are well. I recently found PLNU papers mentioning life insurance that my late husband, Andrew Cramer, would have had as a benefit. He was not able to teach from September 2022 due to his health, however I would like to look into this.

     Would you please send me the group life insurance policy from when he was a 2022 employee, including the contact information of the life insurance administrator?

     Thank you,
     Janice

**From Nazarene University Human Resources to Plaintiff**

     Samara Timms <stimms@pointloma.edu>
     Tue, Nov 5, 2024 at 10:33 AM To:
     Janice Cramer <textura@gmail.com>
     Hi Janice,
     The policy was only in place for while Andy was working at PLNU. Our records show he passed after his employment ended.

     Samara Timms, SPHR
     Associate Vice President and Chief Human Resources Officer

**From Plaintiff to Nazarene University Human Resources**

Janice Cramer <textura@gmail.com>
Tue, Nov 5, 2024 at 10:57 AM To:
Samara Timms <stimms@pointloma.edu>

Hi Samara, I understand but would like to read the policy and contact the administrator.

Janice Cramer <textura@gmail.com>        Tue, Nov 5, 2024 at 12:30 PM
To: Samara Timms <stimms@pointloma.edu>

Hi Samara, in the past it has been hard to communicate with you. If you do not provide the information, I will seek out an
attorney to help me.
Janice

**From Nazarene University Human Resources to Plaintiff**

Samara Timms <stimms@pointloma.edu>
Wed, Nov 6, 2024 at 6:40 PM To:
Janice Cramer textura@gmail.com

Please see the attached.   (added:  the attachment to the e-mail was the group life insurance certificate.)

Samara Timms, SPHR
Associate Vice President and Chief Human Resources Officer

**From Plaintiff to Nazarene University Human Resources**

Janice Cramer <textura@gmail.com>
 Thu, Nov 7, 2024 at 3:50 PM To:
Samara Timms <stimms@pointloma.edu>

Hello Samara, when did PLNU inform Andy of his FMLA and other rights as options to resigning due to his disability? What were those other options?
Janice

**From Nazarene University Human Resources to Plaintiff**

Samara Timms <stimms@pointloma.edu>
Wed, Nov 13, 2024 at 2:30 PM To:
Janice Cramer textura@gmail.com

Hi Janice,

Thanks for your email.
PLNU provides new faculty with notice of their FMLA rights in the faculty handbook and via posters that are displayed in the workplace where all employees can readily see them. This is consistent with employers' obligations under the FMLA (29 CFR § 825.300(a)).

Andy requested medical leave on August 25, 2022. At that time, he was not eligible for FMLA leave because he had not completed one year of employment. He was advised of his ineligibility the following day (August 26), consistent with PLNU's obligations under 29 CFR § 825.300(b). Andy did not report to work on August 22, 2022, or thereafter, but no action was taken by PLNU. On September 11, 2022, he voluntarily resigned, stating that he was doing so because of his continued decline in health, personal challenges within his family, and his intention to move out of California.

I hope this helps answer your questions.

We are sorry for your loss and wish you the best.

Samara Timms, SPHR
Associate Vice President and Chief Human Resources Officer

**From Plaintiff to Nazarene University Human Resources**

Janice Cramer <textura@gmail.com>
Fri, Nov 22, 2024 at 9:17 AM To:
Samara Timms stimms@pointloma.edu

Hello Samara,

7
COMPLAINT

> I am about to engage an attorney to pursue my legal claim against PLNU. The attorney will lay out all the details in due time but you can be assured that I have a strong claim that I intend to pursue through the end. I want to give you a brief opportunity to rectify this wrong—and pay out Andy's full life insurance policy benefit—before attorneys and the courts get involved. You wrongfully denied him leave and **you wrongfully withheld conversion of his plan.** (emphasis added.)
>
> Andy went to PLNU with a long-time dream of teaching at a small Christian university. I never imagined that such an organization would treat him, and our family, so inhumanely.
>
> Janice

(Exhibit "3")

18. At no point prior to his death was Andrew Cramer or Plaintiff provided with conversion or portability options for his life benefits under the Plan.

19. At no point prior to his death was Andrew Cramer or Plaintiff informed he was no longer covered under the Plan.

## FIRST CLAIM FOR RELIEF
## FOR BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF
## UNDER ERISA 29 U.S.C. § 1132(a)
## AGAINST DEFENDANTS STANDARD INSURANCE
## COMPANY AND POINT LOMA NAZARENE UNIVERSITY

20. Plaintiff incorporates by reference paragraphs 1-19 as though set fully set forth herein.

21. The Nazarene University is the Plan Administrator for the Plan.

22. As Plan Administrator for the Plan, The Nazarene University owes a fiduciary duty to participants and beneficiaries of the Plan, including Plaintiff.

23. Standard is the Claims Administrator for the Plan.

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

24. As Claims Administrator for the Plan, Standard owes a fiduciary duty to participants and beneficiaries of the Plan, including Plaintiff.

25. Defendants breached their fiduciary duties under ERISA in the following respects:

(a) Failing to provide timely notice to Andrew Cramer of his right to convert his group life insurance coverage following the termination of coverage under the Plan, or his right to seek Life Waiver of Premium or Portability rights under the Plan.

(b) Failing to pay life insurance benefits on the life insurance despite accepting premiums for those benefits up until Andrew Cramer's death; and

(c) Failing to provide Andrew Cramer or Plaintiff with conversion or portability rights under the Plan.

26. At all times relevant, Standard and The Nazarene University, were each an ERISA Fiduciary and owed Mr. Cramer and his beneficiary, Plaintiff, all the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. § 1104(a). Standard and The Nazarene University, respectively, breached said duties by, among other things, failing to discharge its duties solely in the interest of, and for the exclusive purpose of, providing benefits to participants and their beneficiaries, including Plaintiff herein. Further, Standard and The Nazarene University, respectively, breached said duties by failing to discharge its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent fiduciary acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

27. As a proximate result of the breach of fiduciary duty by Standard and The Nazarene University, respectively, Plaintiff has damages for loss of life insurance benefits in a total sum to be shown at the time of trial.

28. Plaintiff is entitled to relief pursuant to 29 U.S.C. § 1132(a), including, but not limited to, equitable surcharge.

29. As a further direct and proximate result of this breach of fiduciary duty, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Standard and The Nazarene University.

30. The wrongful conduct of Standard and The Nazarene University has created uncertainty where none should exist, therefore, Plaintiff is entitled to equitable remedies to remove that uncertainty.

## REQUEST FOR RELIEF

WHEREFORE, under the First Claim for Relief, Plaintiff prays for relief against Standard and The Nazarene University, as follows:

1. Payment of the life insurance benefits due to Plaintiff plus applicable interest, or such other amount as is shown at time of trial, or the equitable equivalent by way of a finding of surcharge in the amount equal to the life insurance benefits under the Plan;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

3. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

4. Such other and further relief as this Court deems just and proper.

DATED: February 20, 2025                KANTOR & KANTOR, LLP

                                        By: /s/ Glenn R. Kantor
                                        Glenn R. Kantor
                                        Attorneys for Plaintiff
                                        Janice Cramer